IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

BENJAMIN F. RUSSELL,            )
                                )
        Plaintiff,              )
                                )
v.                              )   CASE NO. 1:07cv793
                                )
MICHAEL J. GENNARI, PH.D., et. al., )
                                )
        Defendants.             )

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendants Michael J. Gennari ("Dr. Gennari") and Anthem Health Plans of Virginia Inc.'s ("Anthem") Motions to Dismiss, and Defendant Gennari's Motion to Strike. This case concerns Plaintiff's allegations, brought by his father as his next friend, that Dr. Gennari and Anthem (1) committed professional negligence and (2) breached fiduciary duties while providing psychological treatment to the Plaintiff. Following removal from Fairfax County Circuit Court, both Defendants move the Court to dismiss the complaint for failure to state a claim.

There are five (5) issues before the Court: (1) whether Plaintiff's professional negligence claims against Defendants Dr. Gennari and Anthem are barred by Virginia's two-year statute of limitations on personal injury actions, when the alleged injury occurred on or before November 30, 2003, and the complaint was filed on August 25, 2006; (2) whether Plaintiff's breach of

fiduciary duty claims against Defendants Dr. Gennari and Anthem are barred by Virginia's two-year statute of limitations if such actions accrue when the plaintiff discovers or should have discovered the breach, and the complaint was filed on August 25, 2006; (3) whether Plaintiff's Complaint against Defendants Dr. Gennari and Anthem is a legal nullity, where a non-attorney parent is attempting to litigate his child's claims *pro se*, and the complaint is signed by the parent, rather than a member of the Virginia State Bar or the Plaintiff himself as required by the Virginia Rules; (4) whether Plaintiff's state law claims against Defendant Anthem are preempted by the Federal Employee Health Benefits Act (FEHBA) where the claims relate to the Defendant's administration of a FEHBA health insurance plan; and (5) whether Defendant Anthem is immune from Plaintiff's breach of fiduciary duty claim where the claims relate to Anthem's investigation of fraud in a federally subsidized health insurance program.

The Court GRANTS Defendants' Motions to Dismiss, because both Plaintiff's professional negligence and breach of fiduciary duty claims are governed by a two year statute of limitations, the statute was not tolled by any intervening event, and two years elapsed before suit was filed. As alternative grounds for dismissal the Court further holds that: the original Complaint, signed by Plaintiff's non-attorney father, was invalid under

...

Virginia's procedural rules and should not be revived following removal; both of Plaintiff's claims against Anthem are preempted by federal statute because they relate to Anthem's administration of a federal government health plan; and Anthem is officially immune from Plaintiff's breach of fiduciary duty claim because it relates to Anthem's investigation of fraud against the government.

## I. BACKGROUND

Plaintiff Benjamin F. Russell is the son of Joseph and Nancy Russell, who were divorced prior to these events. He receives health benefits through his father's federal employee health plan, which is administered by Defendant Anthem pursuant to an Office of Personnel Management ("OPM") contract. (Def. Anthem's Mem. Supp. 1, 6.) This OPM-Anthem contract is authorized and governed by the Federal Employee Health Benefits Act (FEHBA). See 5 U.S.C. §§ 8901(7), 8902-8903, 8913.

Between May and October of 2003, Ms. Russell took Benjamin to see Defendant Dr. Michael Gennari for psychological counseling. (Compl. ¶ 8.) When Mr. Russell found out about the visits, he e-mailed his ex-wife and demanded that the "treatment should stop immediately" until he was provided details about the nature of and reasons for Benjamin's visits. *(Id.* ¶ 11.) On August 25, 2003, after receiving a letter from Anthem saying Benjamin was approved for additional visits, Mr. Russell phoned

Anthem to inform them that Dr. Gennari had been submitting fraudulent claims. (Id. ¶¶ 26-29.) The following day, a case manager at Anthem called Dr. Gennari and informed him that he was being investigated for potentially fraudulent billing. (Id. ¶ 30.) Dr. Gennari immediately drafted a letter to Ms. Russell stating that he was forced to end his treatment of Benjamin because of Mr. Russell's interference and allegations. (Id. ¶ 31.)

On August 25, 2006, Plaintiff filed a Complaint in Fairfax County Circuit Court alleging (1) professional negligence by Anthem and Dr. Gennari; and (2) breach of fiduciary duty by Anthem and Dr. Gennari. (Id. ¶¶ 1, 12, 14.) Following removal to this Court, both Defendants move that the complaint be dismissed for failure to state a claim.

Both Anthem and Dr. Gennari argue that Plaintiff's complaint is time-barred by the Virginia statute of limitations; and Plaintiff's complaint is a legal nullity because it is signed by his father, rather than by the Plaintiff himself or a member of the Virginia State Bar.

Additionally, Anthem argues that Plaintiff's state claims against the company are preempted by the FEHBA statute; and Anthem is immune from state claims related to its administration of a federally subsidized insurance program.

Plaintiff argues that (1) the complaint is not time barred;

4

because his cause of action did not accrue until Dr. Gennari turned over Plaintiff's medical records, and the statute of limitations was tolled during a seventeen-month Office of Personnel Management investigation; (2) if the Complaint is a legal nullity, the Court should allow Plaintiff time to retain counsel rather than dismiss the case; and (3) informing Dr. Gennari that he was being investigated for fraudulent billing was not "related to the administration of a FEHBA plan," and therefore Anthem cannot invoke federal preemption or (4) immunity under the FEHBA statute.

## II. DISCUSSION

### A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a plaintiff's complaint may be dismissed for "failure to state a claim upon which relief can be granted." In his complaint a plaintiff is only obligated to make a "short and plain statement of his claim" that will give the defendant fair notice of the grounds for the suit. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). In deciding a 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the complaint, and views them in the light most favorable to the plaintiff. *Id.* at 1965 (noting complaint may proceed even though recovery seems improbable, as long as the factual allegations at least suggest "a right to relief above the speculative level.") And while a

12(b)(6) analysis is properly focused on the sufficiency of the complaint, and not the presence of potential defenses, dismissal on the basis of an affirmative defense is appropriate "if all facts necessary to the . . . defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citing *R. F. & P. R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

**B. Analysis**

    (1) <u>Statute of Limitations</u> (Anthem and Dr. Gennari)

        (i) *Professional Negligence*

The Court grants Defendants' Motions to Dismiss Count I of Plaintiff's Complaint, professional negligence, because his claims are time-barred by Virginia's statute of limitations. Professional negligence claims are governed by Virginia Code § 8.01-243, which provides "every action for personal injuries . . . shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243 (2007). Personal injury claims accrue when the injury occurs. *Castillo v. Emergency Medicine Associates*, 372 F.3d 643, 646 (4th Cir. 2004) (citing Va. Code Ann. § 8.01-230). Failure to comply with the statute of limitations is a recognized basis for 12(b)(6) dismissal, with the Fourth Circuit noting "a . . . showing that the statute . . . has run . . . is the most common situation in which the affirmative defense appears on the face of the pleading." *Brooks*

v. *City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 352 (1990)).

Here, Plaintiff's last contact with the Defendants, and thus the last date on which any injury may have occurred, was on November 30, 2003. However the complaint was not filed until August 25, 2006 - roughly two years and nine months after the negligence cause of action accrued, and well outside of the two years allowed by § 8.01-243. Plaintiff argues that Virginia Code § 8.01-229(E)(1)[1] tolled the statute during the seventeen-month OPM investigation into these issues. Plaintiff's argument is without merit - Virginia Code § 8.01-229(E)(1) applies only to "judicial proceedings in the district or circuit courts," not administrative proceedings. *Musick v. Codell Const. Co.*, 358 S.E.2d 739, 740 (Va. Ct. App. 1987). Accordingly, Defendant's Motions to Dismiss Plaintiff's professional negligence claims are granted.

(ii) *Breach of Fiduciary Duty*

The Court grants Defendants' Motions to Dismiss Count II of Plaintiff's Complaint, breach of fiduciary duty, because his

---

[1] "Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period." Va. Code § 8.01-229(E)(1).

7

claims are time-barred by Virginia's statute of limitations. Breach of fiduciary duty claims are subject to Virginia's catch-all two year statute of limitations. *FDIC v. Cocke*, 7 F.3d 396, 402 (4th Cir. 1993) (applying Va. Code Ann. § 8.01-248, for "[e]very personal action, for which no limitation is otherwise prescribed."). Although the limitations period is the same as for personal injury claims, breach of fiduciary duty claims do not accrue until "the breach was or should have been discovered by the plaintiff." *Int'l. Surplus Lines Ins. Co. v. Marsh & McLennan, Inc.*, 838 F.2d 124 (4th Cir. 1988). As noted above, failure to comply with the statute of limitations is a recognized basis for 12(b)(6) dismissal, with the Fourth Circuit noting "a . . . showing that the statute . . . has run . . . is the most common situation in which the affirmative defense appears on the face of the pleading." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 352 (1990)).

It is difficult to infer from the Complaint that the Defendants actually had any fiduciary duties towards the Plaintiff. Even on a 12(b)(6) motion, the court is not required to credit such conclusory statements, which the Supreme Court has characterized as a "legal conclusion couched as . . . a factual allegation." *Twombly*, 127 S. Ct. at 1965. However, if the Court does assume the existence of the fiduciary duties alleged in

Count II of Plaintiff's complaint, dismissal under the statute of limitations is appropriate. It is unclear exactly when any such claims would have accrued, but it could not have been later than November 2003. Though Plaintiff asserts that Dr. Gennari's failure to turn over medical records to his father delayed his discovery of the breach, (Pl.'s Mem. Opp. 2-3), he points to no facts in the medical records relevant to the claim. More importantly, Plaintiff reveals in the same filing that OPM initiated an (inconclusive) investigation of these claims in November, 2003. (*Id.* at 3.) Obviously Plaintiff cannot assert his claims were concealed from him at the time he began to pursue them administratively; therefore the statute began to run sometime in November, 2003 at the latest. Because the Complaint was not filed until August 25, 2006, two years and nine months later, it is barred by the statute of limitations. Va. Code Ann. § 8.01-248 (2007). Accordingly, Defendants' Motions to Dismiss Count II of the complaint, Plaintiff's breach of fiduciary duty claims, are granted.

(2) *Pro-se Complaint signed by a Non-attorney Parent* (*Anthem and Dr. Gennari*)

Additionally, the Court grants Defendants' Motions to Dismiss the Complaint because it is not signed by an attorney nor a Plaintiff proceeding pro se, and is therefore a legal nullity. Because the filing of the complaint preceded removal, it is

governed by Virginia's procedural rules. 14 James Wm. Moore et al., Moore's Federal Practice § 81.04[2] (3d ed. 2007). Those rules state: "except where a party conducts his own case, a pleading, or other paper required to be served . . . shall be invalid unless it is signed by a member of the Virginia State Bar." Va. S. Ct. Rule 1A:4. The Fairfax Circuit Court applied this rule in holding that a motion filed by a non-attorney on a behalf of his wife and daughter was a "legally ineffective predicate for a court proceeding" and dismissed the case. *Roubik v. White*, 47 Va. Cir. 90, 91-93 (Va. Cir. 1998). More recently, the Virginia Supreme Court upheld dismissal where a pleading was signed by an estate administrator on behalf of the decedent. *Kone v. Wilson*, 630 S.E.2d 744, 746 (Va. 2006) ("[the administrator's] surrogate status precluded a *pro se* filing because he was acting in a representative capacity for the true parties in interest."). In 2005, the Fourth Circuit reviewed the issue of parent-representative litigation and noted that it was "aware of no Virginia case authorizing a non-attorney parent to litigate his minor children's claims before a court of law." *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005). The Court is aware of no cases raising this particular issue in a post-removal motion to dismiss. However, the Court finds that it is an appropriate basis for a 12(b)(6) motion, as the only relevant fact (the signature) is certainly

plain on the "face of the complaint." *Goodman*, 494 F.3d at 464.

Although Plaintiff's father has the right to pursue claims on behalf of his son, he does not have the right to act as his son's attorney, and has no claims of his own to pursue *pro se*. Thus, the complaint signed by him as "next friend" of the Plaintiff was legally invalid when submitted. Plaintiff cites two Eastern District of Virginia cases in which the court appointed counsel instead of dismissing claims brought by parents on a minor's behalf. *See Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168 (E.D. Va. 1994; *Gallo v. United States*, 331 F. Supp. 2d 446 (E.D. Va. 2004). However, those cases were filed in federal court and governed by federal, not state, procedural rules. *Id.* Here the procedural flaw arose prior to removal, and is thus governed by state law. *Morton v. Meagher*, 171 F. Supp. 2d 611, 613-14 (E.D. Va. 2001); 14 James Wm. Moore *et al.*, Moore's Federal Practice § 81.04[2] (3d ed. 2007). As Plaintiff's complaint is invalid under Virginia law, and would be dismissed in Virginia Circuit court, it should be dismissed here as well. As this Court has said, "it is contrary to the correlative doctrines of comity and federalism to allow a case that would be dead under state law to be revived upon removal." *Morton*, 171 F. Supp. 2d at 615 (refusing to allow correction of defective service of process following removal from state court).

11

Because Plaintiff failed to file a legally valid Complaint under the Virginia rules, and the case was "dead" prior to removal, Defendants' Motions to Dismiss Plaintiff's Compalint are granted.

(3) *Preemption of State Law Claims by FEHBA Statute* (Anthem)

Alternatively, the Court grants Defendant Anthem's Motion to Dismiss the Complaint because Plaintiff's claims are preempted by the terms of the Federal Employee Health Benefits Act ("FEHBA"). Under the FEHBA statute, state law claims that "relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits)" are preempted by the terms of the OPM-carrier contract. 5 U.S.C.A. § 8902(m)(1). Numerous courts have upheld the validity and breadth of this provision, (*see* Def. Anthem's Mem. Supp. 10-11), and this Court has held that "any claim that even marginally challenges the administration of a FEHBA-based plan" is completely preempted. *Zukor v. Inova Health Care Services*, 2000 U.S. Dist. LEXIS 21998 at *8 (E.D. Va., Feb. 25, 2000); *see also Myers v. United States*, 767 F.2d 1072, 1074 (4th Cir. 1993) ("state law is preempted where a federal employees' insurance policy and the regulations pertaining thereto are concerned"). Specifically, both negligence and breach of fiduciary duty claims against FEHBA carriers (like those asserted by Plaintiff) have been held to be completely preempted. *See Knight v. Kaiser Found. Health Plan of*

the *Mid-Atlantic*, 34 F. Supp. 2d 334, 341 (E.D. Va. 1999) (negligence and fraud claims preempted: "[a]ny application of state law could potentially impact the administrative decisions made by . . . carriers, which would ultimately affect the underlying contracts between the government and the carriers."); *Bridges v. Blue Cross Blue Shield Assoc.*, 935 F. Supp. 37, 44 (D.D.C. 1996) ("controlling precedent dictates the conclusion that [FEHBA carrier] BCBSA does not have a fiduciary duty to its federal enrollees.")

The grounds for Plaintiff's negligence and fiduciary duty claims against Anthem are not entirely clear, but he appears to assert that Anthem (1) failed to protect his interests while he was being treated by Dr. Gennari; (2) provided benefits to Plaintiff's mother rather than to him; and/or (3) acted improperly in the investigation of Dr. Gennari's purported fraud. *(See generally* Compl. 3-15.) All of these claims are direct challenges to Anthem's administration of Plaintiff's FEHBA health plan, and cannot be interpreted otherwise. Plaintiff contends that a phone call between Dr. Gennari and an Anthem employee about the company's fraud investigation was "not related to the administration of a FEHBA plan," and that this saves the claim from preemption. (Pl.'s Opp. 4.) This argument is wholly without merit, as the call was from a FEHBA carrier to a FEHBA

13

provider to discuss possible fraud in the provision of benefits to a FEHBA enrollee. Because both of Plaintiff's claims are grounded in state law and relate to the administration of a FEHBA health plan, they are statutorily preempted. Therefore, Anthem's Motion to Dismiss is granted.

(4) *Immunity of FEHBA Administrators Investigating Fraud* (*Anthem*)

The Court also grants Defendant Anthem's Motion to Dismiss Count II of the Complaint (breach of fiduciary duty), because Anthem enjoys official immunity from suit on the claim. Governmental discretionary function immunity extends to private contractors when they are participating in the investigation of fraud against government subsidized programs. *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442, 1448 (4th Cir. 1996) (holding discretionary function immunity extends to those conducting or even just cooperating with such an investigation); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 73 (2d Cir. 1998) (holding a private Medicare carrier officially immune from claims related to a fraud investigation). Governmental immunity is a proper basis for 12(b)(6) dismissal. *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997).

Count II of the Complaint (breach of fiduciary duty) consists entirely of allegations that Anthem did not properly

investigate the billing fraud reported by Plaintiff's father. (*See* Compl. ¶ 44a-d.) These actions plainly fall within the scope of Anthem's official immunity. *See Pani*, 152 F.3d at 73 (investigation of Medicare fraud "precisely the type of delegated discretionary function . . . public interest requires to be protected by immunity"). Again, Plaintiff asserts than the Anthem employee who phoned Dr. Gennari to inform him of the investigation was not acting in an "official capacity," and therefore Anthem is not immune. (Pl.'s Opp. 4.) For the reasons noted above in section 3 this argument has no merit. Because the claim relates to actions for which Anthem is officially immune, Defendant Anthem's Motion to Dismiss Count II (breach of fiduciary duty) is granted.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss. Both Plaintiff's professional negligence claim and his breach of fiduciary duty claim are barred by the applicable statutes of limitations. Also, Plaintiff's Complaint was a legal nullity when filed in state court, as it was not signed by a member of the Virginia State Bar nor a Plaintiff proceeding *pro se* - it should not be given legal validity upon removal that it did not have when originally filed. Finally, both of Plaintiff's claims against Anthem are preempted by federal

statute, and the breach of fiduciary duty claim against Anthem is barred by governmental discretionary function immunity.

As the Court has granted Defendants' Motions to Dismiss, Dr. Gennari's 12(f) Motion to Strike is moot.  Accordingly it is hereby

ORDERED that Defendant Anthem's Motion to Dismiss is GRANTED.  It is further

ORDERED that Defendant Gennari's Motion to Dismiss is GRANTED.  It is further

ORDERED that Defendant Gennari's Motion to Strike is DENIED.

This case is dismissed and the Clerk is directed to enter final judgment pursuant to Fed. R. Civ. Pro. 58 in favor of the defendant.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ___8th___ day of November, 2007.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
11/8/07

16